**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

KENNY HALFACRE                                                                                          PLAINTIFF
ADC #84410

V.                                              NO: 4:11CV00138 JMM

ARKANSAS, STATE OF                                                                                  DEFENDANT

**ORDER**

Plaintiff Kenny Halfacre, currently incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed *a pro se* complaint, (docket entry #2), on February 7, 2011, naming as a Defendant the State of Arkansas.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Plaintiff filed this complaint pursuant to 28 U.S.C. 2201, seeking a declaration that a state statute is unconstitutional. According to Plaintiff's complaint, the Arkansas statute addressing aggravated robbery, A.C.A. § 5-12-103, violates his due process rights, and is unconstitutionally vague.[1] Plaintiff has named as a Defendant only the State of Arkansas. Because Plaintiff has failed to state a claim upon which relief may be granted, the complaint must be dismissed.

First, Plaintiff cannot proceed with this complaint because it is against the State of Arkansas, and is therefore prohibited by the Eleventh Amendment. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). Moreover, a prisoner cannot seek a declaratory judgment under 28 U.S.C. § 2201 as to the validity of a state court judgment which he is engaged in serving. *Christopher v. State of Iowa*, 324 F.2d 180, 181 (8th Cir. 1963). Any declaration that the criminal statute under which Plaintiff was convicted is invalid would be in essence a review of the judgment. *See Jones v. Missouri*, Case No. 1:08CV38, 2008 WL 2020318 at *4 (E.D. Mo. May 7, 2008) (unpublished opinion) (declaratory decree that judgment was invalid because plaintiff was deprived of a right to a fair trial due to state statute would be a review and revision of judgment). Plaintiff's only remedy in federal district court is habeas corpus, after Plaintiff has exhausted his available state remedies. *Christopher* at 181. Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon which

---

[1]Plaintiff is serving a life sentence for aggravated robbery.

relief may be granted.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 21st day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE